UNITED STATES of America, Plaintiff,

v.

An ARTICLE OR DEVICE CONSISTING OF ... BIOTONE MODEL 4 * * * MUSCLE STIMULATOR, etc...., Defendant.

Civ. A. No. C81–75A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 21, 1982.

Kathie G. McClure, Asst. U.S. Atty., Atlanta, Ga., Mark A. Heller, Assoc. Chief Counsel Food & Drug Adm., Rockville, Md., for plaintiff.

Joyce D. Colmar, D. Richard Jones, III, Atlanta, Ga., for defendant.

## ORDER

SHOOB, District Judge.

This case is presently before the Court on (1) the United States's motion for entry of default and destruction of the defendant muscle stimulators and (2) motions filed by claimants Vernon Brabham, Jr., and Medequip Investment Corporation for reconsideration of the Consent Decree entered October 26, 1981, and for leave to amend their answers to state a counterclaim for dam-

ages. After briefly setting out the history of the proceeding, the Court will address the parties' respective motions.

On January 13, 1981, the United States filed its complaint for forfeiture alleging that the defendant muscle stimulators are misbranded within 21 U.S.C. §§ 352(a), (f)(1), and (f)(2) because the labeling (1) makes false and misleading claims of efficacy, (2) does not contain adequate directions for use, and (3) fails to bear warnings of health hazards associated with the use of the machines by persons with certain diseases.

Pursuant to a warrant for arrest issued by this Court, the United States Marshal for this District seized the defendant stimulators on January 15, 1981. Vernon Brabham, Jr., owner/lessee, and Medequip Investment Corporation (Medequip), owner/lessor, then intervened and filed claims to the seized articles. Thereafter, the claimants entered into settlement negotiations with the United States, which resulted in entry of the Consent Decree filed on October 26, 1981.

The Consent Decree, signed by all the parties, acknowledged that the stimulators are misbranded as alleged in the complaint. Consent Decree at p. 3.[1] Consistent with specified legal uses of the stimulators, the Decree enabled claimants to correct the misbranding within ninety (90) days of entry of the decree and to dispose of the machines if they so desired.[2] Consent Decree, ¶'s 1, 3, 4. The Decree also required FDA approval of the labeling modifications prior to disposition. Consent Decree, ¶'s 5, 7. Should the claimants fail to recondition the stimulators, the Decree required that the Marshal retain them for disposition in accordance with the Court's direction. Consent Decree, ¶ 13.

Within the 90 days following entry of the Consent Decree neither claimant requested that the FDA inspect the stimulators to determine compliance with its terms. Sometime after the 90 day period expired, Medequip requested an inspection. FDA inspector Kenneth Van Dusen inspected the machines on August 12, 1982, only to discover that the labeling had not been altered in any way. Affidavit of Sam Atkins, ¶ 6.

On September 14, 1982, the United States advised the claimants that the government would seek destruction of the equipment if compliance was not completed by September 20, 1982. See letter of Kathie G. McClure, Assistant United States Attorney. Three days later, claimants filed their motions for reconsideration and leave to amend.

## I. *Motion for Reconsideration*

Relying on Fed.R.Civ.P. 60(b), claimants have moved the Court to vacate the consent order and to allow them to amend their original answers to state a counterclaim for damages purportedly flowing from seizure of the machines. Without specifying whom, claimant Brabham has charged that FDA officers have admitted the agency had no basis for condemning the devices and no competent evidence to support the allegations in the complaint. He also contends that the FDA has ignored other businesses using the same equipment. See Brabham affidavit executed September 15, 1982. Claimants allege this information did not come to their attention until ten months after entry of the Consent Decree.

Rule 60(b) states in pertinent part: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence,

1. Claimants contend that no such acknowledgement was made. Although it is true that claimants did not admit to any knowledge of the violations alleged in the complaint prior to January 13, 1981, the Decree to which claimant consented clearly states at p. 3 "that the article under seizure is misbranded within the mean-

ing of 21 U.S.C. 352(a), (f)(1) and (f)(2) as alleged in the Complaint. . . ."

2. The Decree did not require that the claimants sell the devices. They had the option to retain the machines for use by a licensed practitioner. Consent Decree, ¶¶ 3 & 4.

surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Under this rule the courts apply a strict standard for reopening a consent decree: "the relief is extraordinary and may be granted only upon a showing of exceptional circumstances." *Fox v. United States Department of Housing and Urban Development,* 680 F.2d 315, 322 (3d Cir.1982). Thus, one court recently observed that "where, as here, the defendants made a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgment their burden under Rule 60(b) is perhaps even more formidable than had they litigated and lost." *Philadelphia Welfare Rights Organization v. Shapp,* 602 F.2d 1114, 1120 (3d Cir.1979).

In the instant case claimants contend that the affidavit of Vernon Brabham, Jr., sets forth grounds for relief under Rule 60(b)(1), (2) and (3). *See* Brief in Support of Motion for Reconsideration of Interlocutory Order and Motion for Leave to Amend Claim of Intervenor, filed October 25, 1982, at 4. The only statements made there that even arguably support claimants' contentions are the following two paragraphs:

Some ten months later [following entry of the Consent Decree], information became available which was not available on October 26, 1981, which indicated that the Food and Drug Administration had in fact ignored numerous other identical businesses using the same devices and manuals, with the Food and Drug Administration's full knowledge and consent.

In addition, subsequent admissions by Food and Drug Administration officers indicated that the Food and Drug Administration had no concrete basis for condemning the articles on January 13, 1981, and admitted that the devices and articles were not harmful, and that no competent evidence was available to illustrate that the articles and devices did not in fact accomplish what they were advertised to accomplish.

These vague and conclusory statements certainly do not suffice to meet claimants' burden of showing a change in circumstances that works a grievous wrong, or newly discovered evidence that challenges the validity of the consent decree. *See United States v. Swift & Co.,* 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932). Indeed, the government has submitted evidence contradicting claimant Brabham's first assertion, showing that between July 8, 1980, and July 14, 1981, at least fifteen other seizures of muscle stimulators were filed in the federal courts which contained allegations similar to those in the present matter. Affidavit of Mark A. Heller. As to the second assertion, Brabham appears to argue that the complaint was not filed with adequate support. However, in signing the Consent Decree both claimants acknowledged that the defendant stimulators were misbranded as alleged in the complaint.

Under these circumstances, the Court finds no ground for modification or vacation of the Consent Decree, and claimants' motion for such is accordingly DENIED.

II. *Motion for Leave to Amend*

Claimants seek to amend their answers to add counterclaims based on alleged violations of the Fifth Amendment. They seek to recover both compensatory and punitive damages.

Although Fed.R.Civ.P. 15 prescribes a liberal amendment policy, the Court need not allow amendments that would be futile. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Here the new claims sought to be added by claimants would clearly be subject

to dismissal. First, punitive damages are not recoverable against the United States or its agencies. 28 U.S.C. § 2674. Second, claims against the United States based directly on Fifth Amendment violations are barred by sovereign immunity. *United States v. Timmons,* 672 F.2d 1373, 1380 (11th Cir.1982).

Accordingly, because the amendments sought by claimants would be subject to dismissal and therefore futile, the motion for leave to amend is hereby DENIED.

III. *Motion for Default and Destruction*

■ Paragraph One of the Consent Decree allowed claimants 90 days to bring the muscle stimulators into compliance with the pertinent regulations. Claimants never requested an extension of the 90-day deadline or an inspection within the 90 days following entry of the Decree. When they finally requested an inspection, the inspector discovered that absolutely nothing had been done to alter the labeling on the devices. Affidavit of Sam Atkins, ¶ 6. When the FDA afforded claimants a further opportunity to comply with the Decree, their response was to file the motions for reconsideration and leave to amend addressed above. Given the terms to which claimants consented and the fact that they have had nearly a year to comply, the United States now requests that the Court enter an order finding claimants in default and requiring destruction of the stimulators.

Having found above that claimants' motions for reconsideration and for leave to amend are without merit and should be denied, the Court agrees with the government that claimants have defaulted on their obligations under the terms of the Consent Decree. Since the claimants have shown no willingness to comply with the terms of the Decree, the defendant stimulators should be destroyed.

Accordingly, pursuant to the authority granted in 21 U.S.C. § 334(d), it is hereby ORDERED that the U.S. Marshal take possession of the defendant stimulators and promptly destroy them, and thereafter make return to the Court showing that said stimulators have been destroyed.

In sum, claimants' motions for reconsideration and leave to amend are DENIED; the government's motion for entry of default is GRANTED; and the defendant stimulators are ORDERED destroyed.

IT IS SO ORDERED, this 21st day of December, 1982.